UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22386-BLOOM/Otazo-Reyes

CRISTINA M. DIAZ,

    Plaintiff,

v.

DOCTORS BEST WEIGHT LOSS &
WELLNESS CENTER, LLC, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Doctors Best Weight Loss & Wellness Center L.L.C. and Christian Forster's (together, "Defendants") Motion to Dismiss Plaintiff Cristina M. Diaz's Complaint, ECF No. [16] ("Motion"). Plaintiff filed a response, ECF No. [17], to which Defendants filed a reply, ECF No. [22]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**I.   BACKGROUND**

This case arises as a result of Defendants' alleged misuse of Plaintiff's likeness, persona, image, and identity in connection with promoting their weight loss products and services. As alleged in the Complaint, Plaintiff undertook efforts to lose a significant amount of weight and documented those efforts on social media. ECF No. [1] ¶¶ 9-14. During the process, she gained a substantial following. *Id.* ¶ 15. In addition to posting about healthy meal preparation, photos, videos of her workouts, and advice to followers, Plaintiff answers followers' questions, hosts fitness boot camps, maintains a YouTube channel, and has published a guidebook. *Id.* ¶¶ 16-21,

23-27. Her efforts and promotion of her image and persona have generated substantial goodwill, which has allowed her to collaborate through brand sponsorships with numerous well-known brands, and to be featured in articles and videos. *Id*. ¶¶ 28-34.

According to Plaintiff, Defendants have used her image without her permission to promote their own weight loss products and services. *Id*. ¶¶ 51-60. As a result, Plaintiff asserts numerous claims against Defendants, including two claims under federal law (Counts I and II), and claims arising under state law (Counts III-VII). Specifically, Plaintiff asserts Lanham Act claims for false association and false endorsement in violation of 15 U.S.C. § 1125(a) (Count I); false advertising in violation of 15 U.S.C. § 1125(a) (Count II); false association, false endorsement and false advertising under Florida law (Count III); misappropriation of name or likeness and violation of right of publicity in violation of Florida law (Count IV, V); conversion (Count VI); and unjust enrichment (Count VII). In the Motion, Defendants argue that the Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6).

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.*,

*Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### III.  DISCUSSION

Defendants contend that the Court does not have subject matter jurisdiction over Plaintiff's state law claims, that the Complaint is a shotgun pleading, and fails to state a cause of action against Defendant Forster in his individual capacity. The Court considers each argument in turn.

### A.  Jurisdictional Challenge

Defendants argue that the Court has original jurisdiction *only* over Counts I and II of the Complaint and should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Defendants contend that those claims require different or foreign elements of proof, involve damages not recoverable under the Lanham Act, and they will introduce jury confusion and delay. Plaintiff responds and points out that Defendants have *not* argued that the state law claims are not so related to the federal claims that they cannot form part of the same case or controversy. Moreover, the state law claims are not novel or complex, nor do they predominate over the federal claims. Therefore, the Court should not decline to exercise supplemental jurisdiction over her state law claims.[1]

---

[1] At the outset, the Court notes that Defendants' supplemental jurisdiction argument, which is characterized as a lack of subject matter jurisdiction, is somewhat misleading. Rather than challenging the Court's subject matter jurisdiction, Defendants are urging the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims, but they do not challenge the Court's original jurisdiction over Plaintiff's Lanham Act claims. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1565 (11th Cir. 1994) ("Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. . . . A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.").

District courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the Court's original jurisdiction that they form part of the same "case or controversy" under Article III of the United States Constitution. 28 U.S.C. § 1367(a). This "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a "common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591 (11th Cir. 1997). Determining whether the Court has supplemental jurisdiction over state law claims "entails a two-step inquiry where the Court must first determine whether it can exercise its supplemental jurisdiction and then whether it *should* exercise that jurisdiction." *Woodard v. Town of Oakman, Ala.,* 970 F. Supp. 2d 1259, 1275 (N.D. Ala. 2013) (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 n.7 (11th Cir. 2012)) (emphasis added). The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 679 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

      **i.**    **Whether the Court can exercise supplemental jurisdiction**

Defendants have not argued that Plaintiff's state law claims are *not* related to Plaintiff's federal claims. Upon a review of the Complaint, it is evident that all of Plaintiff's claims arise from the same common facts regarding her efforts to share her weight loss journey, to promote her image and persona in conjunction with that journey, and Defendants' alleged misuse of her image

5

to promote their own products and services without her consent. Therefore, there is no basis to conclude that the state law claims do not form part of the same case or controversy as the federal claims, such that the Court *cannot* exercise supplemental jurisdiction over the state law claims. As a result, the Court must next consider whether it *should* exercise its supplemental jurisdiction over the state law claims in this case.

### ii. Whether the Court should exercise supplemental jurisdiction

Under § 1367(c), the Court has discretion not to exercise supplemental jurisdiction in four situations. These include when: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* "Any one of the § 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

Additional factors a court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity. *Ameritox v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe*, 279 F.3d at 1288. Ultimately, however, whether to dismiss or to retain jurisdiction over supplemental claims, provided there is a basis in § 1367(c) for doing so, is a decision within the court's discretion. *McDuffie v. Broward Cnty., Fla.*, 654 F. App'x 408, 409 (11th Cir. 2016).

Defendants argue that Plaintiff's state law claims require different or foreign elements of proof and urge the Court to decline to exercise supplemental jurisdiction over those claims.

6

However, Defendants do not indicate to which one of the four situations their argument relates, and they cite no similar case in which a court declined to exercise supplemental jurisdiction on the basis that the state law claims require different or additional forms of proof from the federal claims where both sets of claims arise from the same common nucleus of operative facts. Notably, Defendants do not argue that the state law claims in this case implicate novel or complex issues of state law. As such, the Court will not decline to exercise supplemental jurisdiction over Plaintiff's state claims simply because they do not require the exact same elements of proof as the federal claims.

Defendants next argue that the state law claims involve damages not recoverable under the Lanham Act. However, Defendants fail to point the Court to a similar case in which a court declined to exercise supplemental jurisdiction because state law claims permit the recovery of additional or different types of damages than the federal claims involved, especially where the federal and state claims arise from the same set of common facts. Therefore, the Court will not decline to exercise supplemental jurisdiction over the state law claims in this case upon that basis.

Finally, Defendants argue that Plaintiff's state law claims will introduce jury confusion and delay and assert in conclusory fashion that the state law claims substantially predominate over the federal claims. The Court disagrees, and the cases upon which Defendants rely are not persuasive.

For example, in *Geiger v. 3300 Corp. d/b/a Club Pink Champagne and Showgirls d/b/a Club Pink Pompano*, the Lanham Act claims and associated state law claims were asserted on behalf of five plaintiffs, and the plaintiffs asserted a total of twenty state law claims. *See* No. 19-CIV-62024-RAR, ECF No. [26] at 21. Ultimately, in its discretion, the court dismissed the plaintiffs' state law claims without prejudice declining to exercise supplemental jurisdiction because the court stated that differences between the damages available for the state law claims as

7

opposed to the federal claims would negatively impact judicial efficiency and economy. *Id*. at 24. The court expressly noted that "it just seems that from a judicial economy . . . convenience, it just - - this doesn't seem like the kind of thing where I want to bring in an extra 20 - - under supplemental jurisdiction another 20 extra claims that have some - - not only in damages but just in elements and modicum of proof. Quite a bit of difference between that and some of the Lanham Act claims." *Id*. In contrast, however, this case involves one Plaintiff and five state law claims arising from the same set of facts as the federal claims. Here, the same concerns regarding judicial efficiency and economy do not exist. Thus, the Court does not find *Geiger* to be particularly helpful.

Similarly, *Cerny v. The Boulevard Del, Inc.* involved claims asserted on behalf of thirteen plaintiffs who were professional models and/or actresses asserting state and federal claims against the defendant for using their images without permission on its social media accounts. No. 6:18-cv-1808-Orl-22TBS, 2019 WL 5291208, at *1 (M.D. Fla. July 11, 2019). The plaintiffs in *Cerny* asserted two counts under the Lanham Act, and four state law claims each, totaling an additional 52 claims. *Id*. at *3. Such is not the case here, where an individual Plaintiff is asserting two federal claims and five state law claims. In addition, the defendant in *Cerny* asserted a statutory immunity defense to the state law claims, which the court found to introduce a complex and novel issue related exclusively to state law. *Id*. at *8. There is no indication in this case that Defendants will assert such a defense, or that this case otherwise involves complex or novel issues of state law.

*Edmonson v. Velvet Lifestyles, LLC* is similarly distinguishable. The case involved thirty-two plaintiffs who were professional models asserting federal and state law claims alleging that the defendants' use of their pirated and altered photographs without consent wrongfully suggested their participation in the hardcore pornography industry, damaging their reputations, marketability,

and brand. No. 15-24442-CIV-LENARD/GOODMAN, 2016 U.S. Dist. LEXIS 190256, at *3-4 (S.D. Fla. Sept. 8, 2016). Critically, however, and in contrast to this case, the court found that the complaint failed to state a claim under the Lanham Act, and it declined to exercise supplemental jurisdiction over the state law claims because it had dismissed the only claims over which it had original jurisdiction. *Id*. at *23-24. Those circumstances do not exist here.

Finally, in *Canas v. S&J Lizards Entertainment, LLC*, the district court found that it had the authority to exercise supplemental jurisdiction over the state law claims, which were so related to the Lanham Act claims to constitute the same case or controversy. No. 16-80902-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190250, at *3 (S.D. Fla. June 14, 2016). Nevertheless, the court exercised its discretion not to entertain the state law claims based upon its finding that the claims presented questions of state law that would otherwise predominate over the federal claims. *Id*. at *4-5. But, as the Court previously noted, Defendants have failed to point to any novel or complex issues of state law involved in Plaintiff's claims, or to any circumstances in this case that would lead to the conclusion that the state law claims will predominate over the Lanham Act claims in this case.

Accordingly, Defendants fail to demonstrate that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, where the Court concludes that all the claims asserted arise from the same set of facts, and none of the four situations under § 1367(c) applies.

### B.  Shotgun Pleading

Defendants also argue that the Complaint is an improper shotgun pleading because each of the seven causes of action refers to "all Defendants," but fails to specify which of the Defendants

is responsible for which acts or omissions. In response, Plaintiff argues that her claims are properly pleaded because Defendants' acts were jointly performed.[2]

The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Overall, shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

---

[2] In addition, Plaintiff correctly points out that Count VII is asserted against Doctors Best only.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted). Defendants contend that the Complaint in this case is the fourth type of shotgun pleading. However, the Court does not agree.

"When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). Iin general, when a complaint "indiscriminately lump[s] defendants together, plaintiff has failed to comply with Federal Rule of Civil Procedure 8." *George & Co., LLC v. Alibaba.com, Inc.*, No. 2:10-cv-719-FtM-29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec. 13, 2011). Yet a plaintiff's decision to plead his claims in this fashion is not *per se* invalid; instead, "when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice *to each defendant.*" *Id.* (quoting *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273/MCR/MD, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009)) (emphasis added). Indeed, the Supreme Court has indicated that the pleading requirement of Rule 8 is intended to give a defendant "fair notice" of the nature of the claim and the grounds upon which the claim rests. *See Twombly*, 550 U.S. at 555 n.3. Moreover, "a plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as 'defendants.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014). Accordingly, as Defendants acknowledge, Plaintiff's Complaint is not *per se* inappropriate as a result of the collective allegations found within. The Court must concern itself with whether Defendant Forster has fair notice of the claims presented against him. Upon review, the Court finds that Plaintiff's Complaint is sufficient.

The Complaint asserts that Defendant Forster is the CEO and President of Defendant Doctors Best, and "was the driving force behind and participated in the wrongful conduct described herein." ECF No. [1] ¶ 6. The Complaint continues to assert that Defendants engaged in the misuse of Plaintiff's image and persona to promote their own weight loss products and services. Defendants rely upon this Court's decision in *Intra-Lock International, Inc. v. Choukroun*, No. 14-cv-80930-BLOOM/Valle, 2014 WL 12479195, at *2-3 (S.D. Fla. Dec. 4, 2014), to support their argument that the Complaint does not sufficiently distinguish between the parties. However, *Intra-Lock International* involved three defendants—two entities and one individual—with no explanation of the individual defendant's relationship to the entity defendants. *Id*. Such is not the case here, where Defendant Forster is alleged to be a corporate officer of Defendant Doctors Best. Indeed, it is axiomatic that "[a]rtificial entities such as corporations may act only through their agents[.]" *Braswell v. United States*, 487 U.S. 99, 110 (1988). As a result, the court finds that Plaintiff's allegations against Defendants in this case are not improper, and do not render the Complaint a shotgun pleading.

### C. Failure to State a Claim Against Defendant Forster

Finally, Defendants seek dismissal of the claims against Defendant Forster, arguing that the Complaint fails to allege sufficient facts to state a claim against him individually. Defendants point out that the only allegation in the Complaint concerning Defendant Forster is that he "was the driving force behind and participated in the wrongful conduct described herein." ECF No. [1] ¶ 6. Plaintiff contends that this allegation is sufficient to state a plausible claim against Defendant Forster because he is an officer of Defendant Doctors Best.

"Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act." *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir.


Case No. 21-cv-22386-BLOOM/Otazo-Reyes

1991) (citations omitted). Furthermore, because corporations can only act through individuals, "if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done." *Id.* (citing *Mead Johnson & co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1958)). "[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *ADT LLC v. Alarm Protection Tech. Fla., LLC*, 646 F. App'x 781, 787-88 (11th Cir. 2016) (quoting *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)). While the Court acknowledges these principles, they do not otherwise support the conclusion that simply alleging that an individual corporate officer is the "driving force behind and participated in the wrongful conduct" is sufficient to satisfy federal pleading standards.

Indeed, the cases upon which Plaintiff relies that were decided at the dismissal stage contained additional allegations regarding the individuals' involvement in the conduct at issue. For example, in *Gibson v. Resort at Paradise Lakes, LLC*, the plaintiffs alleged that the corporate officer had "operational and managerial control and responsibility over the business operations of, and decision-making authority for, [the entity defendant], including decisions relating to . . . promotional, advertising, marketing and endorsement activities[.]" No. 8:16-cv-791-T-36AAS, 2017 WL 3421532, at *3 (M.D. Fla. Aug. 9, 2017). Similarly, in *Boxy, LLC v. Jay at Play International Hong Kong, LTD*, the plaintiffs alleged that the individual defendants intentionally adopted and used nearly identical or substantially indistinguishable marks to create confusion with the plaintiffs' trademarks, and that they personally directed and controlled the development of the defendants' infringing products. No. 20-80893-CIV-CANNON/Brannon, 2021 WL 1226388, at *7 (S.D. Fla. Mar. 31, 2021). Finally, in *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine*

*Group, LLC*, the plaintiff alleged that the individual defendant was using the entity defendant as an alter ego and personally registered and owned the infringing websites and domain names, personally chose the names of the infringing domains and trademarks, personally deciding to use the infringing names in interstate commerce and personally creating or choosing to use a confusingly similar design likely to cause customer confusion. No. 13-24342-CIV-ALTONAGA, 2014 WL 11906611, at *1 (S.D. Fla. Mar. 10, 2014). Here, Plaintiff alleges only that Defendant Forster participated in and was the driving force behind the wrongful conduct. While further development of the facts in this case may ultimately support Plaintiff's allegation, alone it is insufficient to satisfy federal pleading requirements. *See Blue Water Innovations, LLC v. Fettig*, No. 18-60671-Civ-Scola, 2019 WL 1904589, at *6 (S.D. Fla. Mar. 8, 2019) (finding Lanham Act claims against individual to be insufficiently pleaded where no facts alleged to support plaintiff's allegations that he "orchestrated all of the acts complained of.").

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [16]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims asserted against Defendant Forster are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint **no later than October 12, 2021**. In all other respects, the Motion is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record