UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22386-BLOOM/Otazo-Reyes

CRISTINA M. DIAZ,

    Plaintiff,

v.

DOCTORS BEST WEIGHT LOSS &
WELLNESS CENTER, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION TO STRIKE DEFENDANTS'
FIFTH AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff Cristina M. Diaz's Motion to Strike Defendants' Fifth Affirmative Defense, ECF No. [46], ("Motion"). Defendants Doctors Best Weight Loss & Wellness Center L.L.C. and Christian Forster filed a response, ECF No. [47], to which Plaintiff filed a reply, ECF No. [50]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises from Defendants' alleged misuse of Plaintiff's likeness, persona, image, and identity in connection with the promotion of weight loss products and services. *See generally* ECF No. [38]. Plaintiff raises eight causes of action: (1) copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*; (2) false association and false advertising under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A); (3) false advertising under Section 43(a)(1)(B) of the Lanham Act, § 1125 (a)(1)(B); (4) false association, false endorsement, and

false advertising under Florida common law; (5) misappropriation of name and likeness under Florida Statute § 540.08; (6) misappropriation of name or likeness and violation of right of publicity under Florida common law; (7) conversion; (8) unjust enrichment. ECF No. [38] at ¶¶ 98–179.

At issue is the fifth affirmative defense, which states:

> **Fabre Defendants**. To the extent Plaintiffs sustained the damages alleged in the Complaint, if any, such damages were the result of the negligence and tortious conduct of non-parties in this action, and Plaintiff cannot recover from Doctors Best. In the alternative, Defendant should only be liable for its proportionate share of liability pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and other relevant authority. Plaintiff's alleged injuries were caused, in whole or in part, by the negligence of a third party (i.e., Fiverr, Inc. and/or GettyImages) whom Defendant had no control over, and liability should be apportioned to these graphic designers or others.

ECF No. [41] at 13.[1]

Plaintiff moves to strike the *Fabre* defense on the ground that the defense does not apply to intentional torts. ECF No. [46] at 2–6. Defendants respond that Florida's comparative fault statute, Fla. Stat. § 768.81, applies to strict liability torts, which is how Defendants characterize Plaintiff's claims. ECF No. [47] at 3–6.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Courts, however, disfavor striking defenses, deeming it a "drastic remedy." *Celeb LLC v.*

---

[1] Although the defense as alleged seems to have been raised only on Doctors Best's behalf, ECF No. [41] at 13, Defendants' argument suggest that the defense is jointly raised, *see* ECF No. [47], and Plaintiff treats the defense as joint raises, *see* ECF Nos. [46], [50]. For purposes of this order, the Court assumes that both Defendants have asserted the defense.

*Amir, Inc.*, No. 1:21-CV-20027-UU, 2021 WL 2682246, at *1 (S.D. Fla. Mar. 26, 2021). As such, a defense will be stricken only if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.*

### III. DISCUSSION

The Court declines to exercise its discretion and strike the fifth affirmative defense.

Plaintiff does not present, and the Court could not find, cases directly on this issue. The most instructive is *Dawes-Ordonez v. Forman*, in which a court from this district declined to strike an apportionment and set-off defense in a copyright case. No. 09-60335-CIV-COHN, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009). There, the plaintiff argued that "apportionment of fault is inappropriate in copyright, as are *Fabre*, and collateral source because copyright provides for strict liability." *Id.* But the court declined to strike the defense, finding that "apportionment of damages is appropriate in a copyright action." *Id.*; *accord Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *7 (M.D. Fla. Aug. 30, 2016) (finding it "premature" to strike copyright apportionment defense "absent Eleventh Circuit authority on the issue").

The Court follows suit with *Dawes-Ordonez* and *Pk Studios*. Striking an affirmative defense is a drastic remedy available only where the defense is patently frivolous and clearly invalid. *Celeb*, 2021 WL 2682246, at *1. A copyright owner may only "recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement. . ." 17 U.S.C. § 504(b). Accordingly, Plaintiff may only recover damages caused by Defendants' infringement, as opposed to damages caused by another parties' infringement.

Given that the defense is viable as to the Lanham Act claims, there is no basis to strike it. Whether the defense has merit regarding those claims and the state law claims is best decided on

summary judgment or at trial.

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [46]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 23, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record