UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22386-BLOOM/Otazo-Reyes

CRISTINA M. DIAZ,

    Plaintiff,

v.

DOCTORS BEST WEIGHT LOSS &
WELLNESS CENTER, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AWARDING SANCTIONS

**THIS CAUSE** is before the Court upon Defendants Doctors Best Weight Loss & Wellness Center L.L.C. and Christian Forster's (together, "Defendants") Objections to Magistrate Judge's Alicia M. Otazo-Reyes' Order Awarding Sanctions, ECF No. [60] ("Objections"). Plaintiff Cristina M. Diaz ("Plaintiff") filed a Response in Opposition to Defendants' Objections, ECF No. [61]. The Court has carefully reviewed the Magistrate Judge's Order, ECF No. [56] ("Sanctions Order"), the Objections and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objections are overruled.

    **I.**    **BACKGROUND**

Plaintiff asserts various claims against Defendants arising from the alleged misuse of Plaintiff's likeness, person, image, and identity in connection with promoting Defendant's weight loss products and services. *See generally* ECF No. [38]. On October 27, 2021, the Magistrate Judge held a hearing on several discovery issues. ECF Nos. [28], [30]. Following the hearing, the Magistrate Judge entered an order, which in pertinent part required that Defendants respond to

Plaintiff's Requests for Production and produce all responsive documents by November 30, 2021. ECF No. [32] ("First Order").

On January 20, 2022, the Magistrate Judge held a hearing regarding outstanding and incomplete responses by Defendants to Plaintiff's interrogatories and requests for production, and Defendants' failure to comply with the First Order. *See* ECF Nos. [48], [60-1] ("First Hearing"). At the First Hearing, the Magistrate Judge indicated her intention to consider awarding sanctions against Defendants for failing to comply with the First Order. *See* ECF No. [60-1] at 6. While many of the issues raised were resolved, due to the number of items listed by Plaintiff on the notice of hearing, the Magistrate Judge continued the First Hearing to January 25, 2022. The parties appeared again before the Magistrate Judge on January 25, 2022, when they informed the court that they had resolved the outstanding discovery issues following conferral. ECF No. [58] at 5. Nevertheless, the Magistrate Judge reiterated her intention to award sanctions, and in the Sanctions Order, awarded sanctions against Defendants "limited to the reasonable fees incurred by Plaintiff in connection with the First Hearing[.]" ECF No. [56] at 2.

Defendants now object to the Magistrate Judge's award of sanctions.

## II.     LEGAL STANDARD

Federal Rule of Civil 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citation omitted).

Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Pigott*, 2008 WL 2937804, at *5 (quoting *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)); *see also Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating in reviewing magistrate judge's discovery order that "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)). In short, the appealing party bears "the heavy burden of showing that the orders are 'clearly erroneous or contrary to law,' and it is "extremely difficult to justify alteration of the magistrate judge's nondispositive actions." *Doe v. Lynn Univ., Inc.*, No. 9:16-cv-80850, 2017 WL 275448, at *1 (S.D. Fla. Jan. 19, 2017) (citations omitted).

## III.   DISCUSSION

Defendants specifically object to, and request that the Court set aside, the portion of the Sanctions Order awarding sanctions under Rule 37 of the Federal Rules of Civil Procedure, arguing that the Magistrate Judge's award was unjust. Upon review, the Court disagrees and declines to set aside the award of sanctions.

Rule 37 states, in pertinent part, that when there is a failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(b)(2)(C). Thus, an award of sanctions is mandatory. The Court notes first that Defendants make no attempt to argue that the Magistrate Judge's award was clearly erroneous or contrary to law, as required in order to disturb her ruling on a non-dispositive issue. As such, Defendants fail to satisfy their burden here.

Rather, Defendants argue that their failure to produce responsive documents by the deadline stated in the First Order was substantially justified based on an agreement between the parties to extend the deadline. Unsurprisingly, Plaintiff disputes the existence of any such agreement. Moreover, even if the parties had agreed to extend the court-ordered deadline, such an agreement would have been ineffectual. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."). Notably, Defendants conceded that they did not seek relief from the court and acknowledged that the failure to do so was inappropriate:

> THE COURT:    So that was an order from me that required production and responses by November 30th. [. . .] So you did not comply with my order. You're saying you asked opposing counsel for an extension, but opposing counsel was not entitled to give you an extension on an order of mine. You never sought relief from the court?
>
> MR. LIEVANO:    No, your Honor, we did not. We did not seek relief from the Court.
>
> THE COURT:    Well, that is not appropriate conduct - -
>
> MR. LIEVANO:    I understand, and I apologize, your Honor.

ECF No. [60-1] at 5. Furthermore, Defendants conceded that they had not complied with the court-ordered deadline. *See id.* ("No, your Honor, we did not comply with that deadline."). At the continuation of the First Hearing, Defendants asserted that they did not intend to violate the Magistrate Judge's First Order.

Case No. 21-cv-22386-BLOOM/Otazo-Reyes

In the Objections, Defendants further contend that the award of sanctions should be set aside as unjust based upon the Scheduling Order, ECF No. [15], which encourages the parties to confer and resolve discovery disputes without Court intervention and does not permit the filing of discovery motions. The Court is not persuaded. A review of the record demonstrates that the parties did not engage in meaningful conferral prior to the First Hearing, which was necessitated by Defendants' insufficient discovery responses. Furthermore, the Magistrate Judge's award of sanctions was limited to the fees for the time spent by Plaintiff's counsel in the first hearing only, as she noted that the parties were able to resolve the outstanding discovery issues by conferring before the continued hearing on January 25, 2022. The Court therefore concludes that the award of sanctions is not unjust.

Accordingly, Defendants fail to make the showing necessary to set aside the Magistrate Judge's award of sanctions.

## IV.     CONCLUSION

For the foregoing reasons, the Objections, **ECF No. [60]**, are **OVERRULED**. Plaintiff's request for additional fees and costs for opposing Defendants' Objections is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

5